**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRVIN REYES, | No. 18-17369 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00622-TLN-EFB |
| v. | |
| KAISER PERMAMENTE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Irvin Reyes appeals pro se from the district court's judgment dismissing his

action alleging federal and state law claims arising from his former employment.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a judgment on

the pleadings on the basis of claim preclusion. *Harris v. County of Orange*, 682

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1126, 1131 (9th Cir. 2012).  We affirm.

The district court properly granted judgment on the pleadings on the basis of claim preclusion because Reyes raised, or could have raised, his claims in his prior California state court action, which involved the same primary rights and parties, or their privies, and resulted in a final judgment on the merits.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (to determine the preclusive effect of a state court judgment, federal courts must look to the law of the state in which the judgment was rendered); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a primary rights theory); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 345 (Cal. 2010) (for claim preclusion purposes, a voluntary dismissal with prejudice is a final judgment on the merits).

The district court did not abuse its discretion by dismissing Reyes's complaint without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Reyes's motions to transmit physical evidence (Docket Entry Nos. 10 & 11) are denied as unnecessary.

**AFFIRMED.**

18-17369